Norman Hanson & DeTroy, LLC
Attorneys at Law
Two Canal Plaza
P.O. Box 4600
Portland, ME  04112-4600

T 207.774.7000
F 207.775.0806
www.nhdlaw.com
ctaintor@nhdlaw.com

**Christopher C. Taintor, Esq.**

Direct: (207) 553-4618

March 2, 2021

Chief District Judge Jon D. Levy
U.S. District Court, District of Maine
Edward T. Gignoux U.S. Courthouse
156 Federal St.
Portland, ME 04101

RE:  Ed Friedman v. Central Maine Power Company
     *Civil Action, Docket No. 20-cv-00237*

Dear Judge Levy:

As permitted by the Court's Order dated February 26, 2021, I am taking this opportunity to respond briefly to the Plaintiff's letter submission of February 1, 2021.

As I recall and understand the situation, at oral argument on the Defendant's Motion to Dismiss the Court expressed some curiosity about the genesis of, and the basis for, an analogy offered by the Plaintiff in his opposition to the motion – specifically, the analogy of the opt-out fee which is at issue in this case to a fee that is charged to disabled persons for the use of a wheelchair ramp.  I respectfully submit that the three cases cited in the February 1, 2021 letter submission do not support the proposition that the opt-out fee charged by CMP violates the law.

All three of the cases cited by the Plaintiff involved challenges to fees levied by state agencies for removable windshield parking placards that were made available as accommodations to facilitate parking by disabled persons.  The fee challenged in *Duprey v. State of Conn., Dept. of Motor Vehicles,* 28 F.Supp.2d 702 (D. Conn. 1998), covered not only removable windshield parking placards but special license plates as well.  The factual context of these cases distinguishes them from the case before this Court.

It does not appear that in any of the cases cited by the Plaintiff there was evidence, or any suggestion, that the placards or license plates were available for the benefit of any persons who were not disabled.  Implicit in all three decisions is the assumption that the accommodations for which the states levied fees were available only to the disabled, and to those who transport them.  Thus, in none of the three cases was there a claim that accommodations which were made available to both the disabled and the able-bodied were borne solely by the disabled.  The District Court made this point explicitly in

Hon. Jon D. Levy
Re: Ed Friedman v. Central Maine Power Company
Civil Action, Docket No. 20-cv-00237
March 2, 2021
Page 2

*Duprey*, where it observed that "[t]he only relevant provision [of the ADA] prohibits a public entity from imposing a surcharge *solely* on a disabled individual or a group of disabled persons" (emphasis added), and went on to say: "If the DMV wants to pass on the costs of providing placards, rather than absorbing the costs itself, it must pass the cost on to all parkers, and not just those disabled individuals protected by the ADA." *Id*. at 708. *See also Klingler v. Director, Dept. of Revenue, State of Mo*., 433 F.3d 1078, 1082 (8th Cir. 2006) ("Rather than distributing the cost of ensuring accessible parking among all of its citizens, Missouri's scheme imposes a fee upon those disabled persons who require the removable placards."); *Anderson v. Kohl's Corp*., 2013 WL 1874812 (W.D. Pa. 2013) ("[T]he alleged higher cost of plus-sized goods here is not a 'surcharge' because it is not imposed only on disabled persons. There are no allegations that disabled persons are charged a higher price than non-disabled persons for the same plus-sized clothing, or that only disabled persons wear (or even purchase) plus-sized clothing. Kohl's argues that it 'charges all individuals the same price for plus-sized clothing – regardless of whether the consumer is disabled or non-disabled.' . . . Plaintiff does not contest this point, and any price difference between plus-sized and other women's clothing is not a 'surcharge' defined as being improper in the ADA's regulations.").

Here, CMP is not passing on the cost of non-standard electromechanical meters to every one of its customers, because the Maine Public Utilities Commission decided that it could not. It is, however, passing on that cost to all users of non-standard meters, whether or not they are disabled. CMP respectfully submits that when analyzing the legality of the opt-out fee, the Court must compare the treatment accorded to different categories of customers who opt out: those who opt out because they believe they need to do so for health reasons, and those who opt out for reasons unrelated to their health. Because those groups are treated identically – that is, CMP does not single out disabled persons for unequal treatment – its opt-out charge is permissible. *Klingler v. Director, Dept. of Revenue, State of Mo*., 433 F.3d at 1082 (the ADA "prohibits public entities from singling out the disabled to pay the cost of any ADA compliance efforts").

In summary, we respectfully submit that the cases cited by the Plaintiff are entirely consistent with the notion that an owner of a wheelchair ramp could, under the ADA (and the other statutes that have been invoked in this case), charge disabled persons to use the ramp, as long as it also charged able-bodied persons to use it.

Very truly yours,

/s/ Christopher C. Taintor

CCT