**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| ED FRIEDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:20-cv-00237-JDL |
| v. | ) | |
| | ) | |
| CENTRAL MAINE POWER COMPANY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S REQUEST FOR MODIFICATION OF THE PROPOSED AMENDED SCHEDULING ORDER**

The Defendant, through its undersigned counsel, respectfully requests a modification to the Court's Proposed Amended Scheduling Order (ECF 33) and a stay of discovery for ninety (90) days (Request).

In support of its Request, the Defendant states:

1. In this action, Plaintiff challenges the refusal of Central Maine Power Company (CMP) to waive the opt-out fees established by the Maine Public Utilities Commission (MPUC) that requires CMP to charge all customers who elect to have their electricity consumption measured by non-standard metering.
2. In the Complaint, Plaintiff seeks:
   A. Declaratory Relief;
   B. Compensatory Damages;
   C. Legal costs and attorney's fees;

D. A permanent injunction requiring Defendant to comply with the [law] and to waive the opt-out fee . . . ;

E. Other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

3. As CMP explained in its Motion to Dismiss, the company believes that it is prohibited from waiving the opt-out fee, either prospectively or retrospectively, without the permission of the MPUC.

4. CMP's position is rooted in the requirements of Maine law, that:

   a. It charge rates that the MPUC determines to be "just and reasonable," 35-A M.R.S.A. § 301; and

   b. It impose its charges uniformly, without discount or discrimination, 35-A M.R.S.A. §703 ("No person may knowingly solicit, accept or receive any rebate, discount or discrimination in respect to any service rendered, or to be rendered by a public utility, or for any related service where the service is rendered free or at a rate less than named in the schedules in force, or where a service or advantage is received other than is specified.").

5. CMP's position – that consistent with (i) the MPUC's May 19, 2011 Order in Docket 201-345, adopting an opt-out fee structure and requiring CMP to allow any customer for any reason to opt-out of receiving CMP's standard smart meter, (ii) CMP's Terms & Conditions that the Company was required by Statute to

adopt incorporating the MPUC's required opt-out fees, and (iii) 35-A M.R.S.A. §703, it is required to charge Mr. Friedman the same opt-out fee its charges to each of its opt-out customers – finds support in a letter (Attachment A) from Mitchell Tannenbaum, General Counsel for the MPUC, to Mr. Freidman, in which Mr. Tannenbaum, responding to Mr. Friedman's request that the MPUC require CMP to waive the opt-out fee (Attachment B), explained: "[T]he opt-out fees associated with the installation and operation of electromechanical meters are a part of CMP's terms and conditions, and the Commission and the Maine Supreme Judicial Court have determined those rates to be just and reasonable."

6. CMP is in the process of drafting, and will shortly file with the MPUC, a "Request to Reopen and Modify Commission Order to Provide for a No Fee Opt-Out for Certain Disabled Individuals." In that filing, CMP intends to ask the MPUC to modify its 2011 Opt-Out Order[1], to provide that customers who establish, through a notarized declaration by their medical physician who is licensed in Maine, that they have a disability, the symptoms and progression of which will be negatively impacted unless they limit their radio-frequency exposure, will be allowed to choose a non-standard meter without imposition of the additional opt-out fee charged to all opt-out customers under the current regulations.

[1] The Opt-Out Order was issued in two parts. They are on file with the Court as Exhibits 3 and 4 to CMP's Motion to Dismiss (ECF 11-3 and 11-4).

7. CMP intends to ask the MPUC to act on its request on an expedited basis, and anticipates that the MPUC will act on its request within ninety (90) days.

8. If and when the MPUC grants CMP's request, and provided that Mr. Friedman submits the notarized declaration contemplated by the modified Order the company will request the MPUC to issue, CMP will waive the opt-out fees it has charged Mr. Friedman in the past and otherwise would charge him in the future.

9. If and when the MPUC grants CMP's request, Mr. Friedman's claims for declaratory and injunctive relief will become moot, leaving only his claims for costs, attorneys' fees, and compensatory damages.

10. CMP expects that the mooting of Mr. Friedman's claims for declaratory and injunctive relief will have an enormous impact on the scope and cost of the litigation. This is true, CMP believes, because there will be no need for the parties to relitigate the technical, scientific issue they have already litigated extensively before the MPUC, and in the Superior Court and the Law Court – specifically, the question of whether or not radio-frequency radiation, at the levels emitted by CMP smart meters, create a risk of medical injury. Instead, because Mr. Friedman has not alleged that he has suffered an actual physical injury, his remaining claim for compensatory damages will necessarily be narrowly-focused and much simpler than it otherwise would be.

11. By narrowing the issues and simplifying the case, CMP hopes and expects to minimize the legal expense incurred by both parties, and the use of judicial resources.

12. Because Mr. Friedman is asserting claims for attorneys' fees, minimizing those fees will have the beneficial effect of improving the chances that the case can be resolved informally. CMP may, in fact, make an offer of judgment (disclaiming liability), once it has the MPUC's authority to unconditionally consent to a judgment for injunctive relief, in the hope that making such an offer will accelerate the resolution of the case.

13. For the foregoing reasons, CMP submits that it would advance the interests of judicial economy for the Court to modify the proposed Amended Scheduling Order, by staying discovery for a period of ninety (90) days.

WHEREFORE, the Defendant respectfully requests that the Court modify its proposed Amended Scheduling Order by staying discovery for a period of ninety (90) days.

Dated at Portland, Maine this 3rd day of June, 2021.

NORMAN, HANSON & DETROY, LLC

/s/ Christopher C. Taintor, Esq.
Attorney for Defendant Central Maine Power

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**Certificate of Service**

I hereby certify that on June 3, 2021, I electronically filed this Request for Modification of the Amended Proposed Scheduling Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Christopher C. Taintor, Esq.
Attorney for Defendant Central Maine Power

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000