# Most & Associates

201 St. Charles Ave., Ste. 114, # 101 ♦ New Orleans, LA 70170

(504) 509-5023          mostlawoffice.com          williammost@gmail.com

U.S. Magistrate Judge John C. Nivison          January 24, 2022
U.S. District Court, District of Maine
Margaret Chase Smith Federal Building
202 Harlow Street, Room 21000
Bangor, ME 04401, via ECF

RE: *Friedman v. Central Maine Power Company,* 20-cv-00237

Dear Judge Nivison,

       This letter responds to Mr. Taintor's letter of January 24, 2022. R. Doc. 59. His letter asked for clarification of two points regarding this Court's order granting Plaintiff's motion to compel. R. Doc. 54.

       First, Mr. Taintor asked if his client has the option of withholding non-privileged documents that it believes are "not relevant" among the documents it must produce, even though no such option was reflected in this Court's order. R. Doc. 54. After being shown a copy of the transcript of the motion to compel hearing, Mr. Taintor now agrees that his client does not have such an option.

       Second, Mr. Taintor asks this Court whether his client must produce documents responsive to the second search term string discussed at the hearing: ("Friedman") AND ("meter" OR "opt-out" OR "opt out"). No clarification is needed. This Court was clear that his client must produce documents responsive to that string. *See* R. Doc. 61 (Transcript) at pg. 2 (describing the "two proposed search strings"); pg. 3 (noting that the second search string "is for Friedman and meter or opt-out"); pg. 20 ("there'll be an order that requires you to review the documents that have been generated as a result of the use of the search terms" and produce them). Mr. Taintor confirmed he understood:

> THE COURT: And, Mr. Taintor, is that clear so that you understand what you'll be required to do?
>
> MR. TAINTOR: Yes, Your Honor.

       But now, several weeks after the hearing, Mr. Taintor raises for the first time the argument that the second search string actually would generate "roughly 55,000 documents." R. Doc. 59. That argument is both untimely and not reliable. It is untimely because arguments regarding burden should have been made before the Court issued its order, not after. And it is not reliable because Mr. Taintor's client has not yet conducted the process of "de-duplicating" the corpus of emails. As a result, Mr. Taintor has no way of knowing how many unique documents there are to review.

       Most troubling, in a phone call of January 31, 2022, Mr. Taintor conceded that he has not yet <u>begun</u> reviewing <u>any</u> of the responsive emails – even the ones he does not dispute his client must produce. Plaintiff asks that this Court direct Defendant to comply with its order without further delay.

       Thank you,

       <u>/s/ William Most</u>
       William Most, counsel to Plaintiff