UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ED FRIEDMAN

    *Plaintiff,*

v.

CENTRAL MAINE POWER COMPANY,

    *Defendant.*

CIVIL ACTION

NO. 20-cv-00237-JDL

### PLAINTIFF'S *DAUBERT* MOTION IN LIMINE TO EXCLUDE AND/OR LIMIT TESTIMONY OF DR. ROBERT GALE WITH INCORPORATED MEMORANDUM OF LAW

NOW COMES Plaintiff, through undersigned counsel, and files this motion to exclude the testimony of Defendant's expert witness, Dr. Robert Gale. For the reasons stated herein, Dr. Gale's report and testimony lacks relevancy to the issues remaining in this case and, therefore, his testimony should be excluded.

As set forth below, Dr. Gale's report fails to meet the relevancy standard set out in the Federal Rules of Evidence and applicable caselaw as it does not address any question posed in this litigation. Moreover, Dr. Gale's testimony would not assist the trier of fact, and its probative value is substantially outweighed by the wasteful and confusing nature which would require Plaintiff to dedicate time and resources to refuting.

## I. INTRODUCTION

Plaintiff Ed Friedman suffers from lymphoplasmacytic lymphoma, a rare form of cancer. Although his cancer is incurable, Plaintiff takes many proactive measures upon advice of his doctors in order to mitigate the progression of his disease. One such measure recommended by Plaintiff's oncologist is to lessen the amount of radiation exposure in his home as "[e]xposure to radiation may exacerbate the progression of his disease and exacerbate the symptoms of it,

including fatigue, cognitive difficulty, and memory issues."

Defendant Central Maine Power Company (CMP) uses both analog non-radiation-emitting and "smart" radiation-emitting meters to monitor its customers' power usage, although opting for an analog meter costs customers an extra $16.05 per month. Plaintiff contends that CMP's refusal to waive the fee violates the Americans with Disabilities Amendments Act, the Rehabilitation Act of 1973, and the Fair Housing Amendments Act.

This Court has determined that "[t]o prevail, Friedman must eventually prove his factual allegation that having a smart meter installed at his home actually risks worsening his lymphoma's progression or symptoms." ECF 26 at 9. But Defendant's expert, Dr. Robert Gale, does not address whether having a smart meter "actually risks worsening" Plaintiff's progression or symptoms. His expert opinion is limited only to whether that risk was more or less than 50 percent – a question not posed by this Court. Ex. 2 at 13:7-22. Dr. Gale testified that he did not evaluate whether there was "any actual risk to Mr. Friedman" and that he was never asked to do so. *Id*. Dr. Gale has thus answered a question this Court did not ask, and has not answered the question this Court did ask. Dr. Gale's testimony should be excluded.

## II.    LEGAL STANDARD

Federal Rule of Evidence 702 stated that an expert witness may offer opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." "The district court must decide whether expert testimony is appropriate by "ensuring that [it] . . . both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms*., 509

U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Ultimately, the court must decide whether expert testimony would be helpful to the finder of fact. *Cipollone v. Yale Indus. Prods*., 202 F.3d 376, 380 (1st Cir. 2000).

The first step of the *Daubert* inquiry is to determine whether the expert's testimony is relevant. *Cipollone*, 202 F.3d at 380. If an expert's testimony is not relevant to any issue in this case, it is not helpful to the finder of fact and is not admissible. *Daubert*, 509 U.S. at 591. Even if relevant, an expert's opinion may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403.

"The party seeking to introduce the evidence has the burden of establishing both its reliability and its relevance." *Milward v. Rust-Oleum Corp*., 820 F.3d 469, 473 (1st Cir. 2016).

### III.   ANALYSIS

A.   <u>Dr. Robert Gale</u>

Dr. Robert Gale is a medical doctor designated by Defendant Central Maine Power Company to offer an expert opinion "whether or not exposure to radiofrequency electromagnetic fields from a residential smart meter of the type proposed to be installed by Central Maine Power in the residence of Mr. Edward Friedman, to a reasonable degree of medical probability, worsen signs, symptoms and/or prognosis of Mr. Friedman's lymphoplasmacytic lymphoma/Waldenström macroglobulinemia." Ex. 1 (Gale Report) at 1). Dr. Gale is well credentialed, although his expert testimony has been excluded from several other cases. Ex. 2 (Gale deposition) at 34:18-35:8.

  B.  <u>Gale report</u>

  In his report, Dr. Gale used a "weight-of-evidence" approach to reach that conclusion which involved (1) determining the appropriate focus, based on the objectives and preliminary consideration of available data, formulating the question(s) to be assessed and developing a protocol; (2) establishing lines of evidence including identifying and selecting studies, assessing the quality of the studies and analyzing a set of studies of similar type; (3) integrating data from available lines of evidence to determine the degree of support for hypotheses or to estimate quantities of interest; and (4) an explicit presentation of the weight-of-evidence in a form that maximally supports a scientific and/or medical conclusion." Ex. 1 at 6. Dr. Gale reviewed both scientific research materials as well as Plaintiff's medical records in forming his opinion. Ex. 1 at 7.

  Dr. Gale's methodology was to first determine whether a smart meter "is more likely than not" to worsen cancer symptoms and progression in a laboratory setting and then, only if he determined that to be the case, to assess whether Plaintiff's cancer might be worsened. Ex. 1 at 9.

  But critically, Dr. Gale opinion as expressed in his report is only that "it is *less likely than not* exposure to radiofrequency electromagnetic fields from a smart meter . . . would worsen signs, symptoms, and/or prognosis of Mr. Friedman's" cancer. Ex. 1 at 4 (emphasis added). Dr. Gale confirmed at deposition that his opinion addressed "whether it is *more or less likely than not* that this exposure would worsen Mr. Friedman's signs, symptoms, or prognosis of his cancer." Ex. 2 at 11:11-12:1 (emphasis added); *Id*. at 12:14-17. Dr. Gale affirmatively stated at deposition that his report "did not render an opinion about whether there was any actual risk to Mr. Friedman from this exposure." *Id*. at 13:7-14:2. That is because, per his methodology, if there is a 50 percent or less chance that cancer symptoms would be worsened in a laboratory

4

setting, Dr. Gale did not perform any analysis about the effects of radiation.

Further, Dr. Gale did not review any materials regarding the specific smart meter at issue in this case or the frequency of the radiation it may emit because, as he stated at deposition, "[t]hat is outside of my area of designated expertise and outside my area of expertise." *Id.* at 16:2-8. Dr. Gale also has not expressed any opinion regarding "spiking" in radiofrequency radiation, which is one basis Plaintiff (and Plaintiff's experts) has identified as a cause of worsening cancer symptoms. *Id.* at 28:10-18.

      C.      <u>Dr. Gale's opinion lacks any relevance to this case</u>

The relevancy of expert testimony must not only meet the basic relevancy requirements under Fed. R. Evid. 402, but also be likely to assist the trier of fact in evaluating a fact in issue. *Daubert*, 509 U.S. at 591-92. Due to the potentially powerful and misleading nature of expert testimony, expert testimony "may be disallowed pursuant to Fed. R. Evid. 403 if its prejudicial, misleading, wasteful, confusing, or cumulative nature substantially outweighs its probative value." *United States v. Shay*, 57 F.3d 126, 134 (1st Cir. 1995). Courts may exclude expert testimony if it addresses a "non-issue" that sidesteps the real issues presented at trial. *United States v. Mehanna*, 735 F.3d 32, 67 (1st Cir. 2013) (excluding expert testimony of the efficacy of recruiting videos when "the relevant issue was whether the defendant intended to provide material support by helping … to produce the videos"). Plaintiff should not be forced to dedicate significant time and resources to combating Dr. Gale's opinion at trial when it does not assist the trier of fact in determining what actual risk the smart meters pose to Plaintiff.

Here, Dr. Gale has not rendered an opinion whether CMP's smart meters pose a risk to Plaintiff – indeed, he was never asked to provide such an opinion. Ex. 2 at 13:7-14:2. Rather, Dr. Gale limits his opinion to whether the risk was more or less than 50 percent, which is not the

question presented in this litigation. Dr. Gale also does not take into account several relevant pieces of information, such as spiking, and stated at deposition that the specific smart meter at issue and the radiation it emits are beyond his expertise and thus not encapsulated in his report. Ex. 2 at 16:2-8. This type of opinion – which trends close to relevant, but does not address the question presented in this case – is particularly ripe for confusion and, at the very least, causes "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. Dr. Gale's testimony that it is "less likely than not" that Plaintiff is harmed by smart meter radiation, in light of his methodology explained above, is a "non-issue" when the real issue is whether there is actual harm. *Mehanna*, 735 F.3d at 67.

        D.        <u>Dr. Gale's opinions have been previously excluded</u>

This is not the first time Dr. Gale's expert opinions have been excluded for similar reasons. For instance, in *Re: Incretin-Based Therapies Products Liability*, Dr. Gale employed the same "weight of the evidence" methodology as in the present case to determine whether it was "more likely than not" certain factors caused or contributed to the pancreatic cancer in certain patients, but the court rejected his approach for failure to offer a "rigorous explanation" of "how he weighed the evidence he considered, what weight he gave to them, why he gave them that weight, and how he balanced the weight of certain evidence against others evidence." 524 F.Supp.3d 1007, 1043 (S.D. Cal. 2021). No such explanation appears in his report in this case, either. In another case, Dr. Gale's expert opinion regarding the causation of plaintiff's cancer was excluded, despite extensive review of reliable literature, in part because "he knew neither the level [of cancer-causing exposure] generally necessary nor any facts to determine or estimate the level actually – or even possible – experienced" by the plaintiff. *Hernandez v. Union Pacific Railroad Company*, No. 8:18CV62 (D. Neb. 2020). Here, Dr. Gale testified that the specific

amounts of radiation emitted by CMP's smart meters as well as the concern over "spiking" was outside of his area of expertise and so were not considered in forming his opinion. His testimony has been excluded in other cases, as well. *See, e.g., In re: Rezulin Products Liability Litigation*, No. 00 Civ.2843 (S.D.N.Y. 2004); *Finestone, et al, v. Florida Power & Light Company*, (S.D. Fla. 2006).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff asks this Court to exclude Dr. Robert Gale's testimony from trial as it is irrelevant to the proceedings.

Respectfully Submitted,

*/s/ David Lanser*
David Lanser, *Pro Hac Vice*
William Most, *Pro Hac Vice*
Most & Associates
201 St. Charles Avenue, Ste. 201, # 101
New Orleans, LA 70170
Phone: (504) 533-4521
E-mail: david.lanser@gmail.com

*/s/ Bruce M. Merrill*
Bruce M. Merrill
Law Offices of Bruce M. Merrill
225 Commercial Street, Suite 501
Portland, ME 04101
Phone : (207) 775-3333
Fax : (207) 775-2166
E-mail: mainelaw@maine.rr.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2023, I electronically filed the above *Plaintiff's Daubert Motion in Limine to Exclude Expert Testimony of Dr. Robert Gale with Incorporated Memorandum of Law* on behalf of the above-named Plaintiff, with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all other counsel of record.

    */s/ William Most*
David Lanser, *Pro Hac Vice*
William Most, *Pro Hac Vice*
Most & Associates
201 St. Charles Avenue, Ste. 201, # 101
New Orleans, LA 70170
Phone: (504) 533-4521
E-mail: david.lanser@gmail.com